IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| WAIKOLOA DEVELOPMENT CO., a Hawai'i Domestic Limited Partnership,<br><br>Plaintiff,<br><br>vs.<br><br>HILTON RESORTS CORPORATION; HILTON KINGSLAND 1, LLC; HILTON KINGSLAND 2, LLC; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS, PARTNERSHIPS and OTHER ENTITIES 1-10,<br><br>Defendants. | CIVIL NO. 13-00402 DKW-BMK<br><br>ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO COUNTS I, III, AND IV |

**ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO COUNTS I, III, AND IV**

**INTRODUCTION**

Defendants Hilton Resorts Corporation, Hilton Kingsland 1, LLC and

Hilton Kingsland 2, LLC (collectively, "Hilton") seek reconsideration of the Court's

May 22, 2014 Order granting partial summary judgment to Plaintiff Waikoloa

1

Development Co. ("WDC") on Counts III and IV. The Court's Order concluded that Hilton breached its contractual obligations to WDC to plan and construct intersection improvements at Queen Kaahumanu Highway and Waikoloa Beach Drive ("North Intersection Improvements"). Because it fails to raise sufficient grounds to revisit the Court's May 22, 2014 Order, Hilton's Motion for Reconsideration is DENIED.

## DISCUSSION

The Court and the parties are familiar with the factual and procedural background in this matter, and the Court does not recount it here.

This district court recognizes three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998)).

Hilton offers two reasons why this Court should reconsider its May 22, 2014 Order:

(1) Pursuant to Local Rule 60.1, "based on new material facts not previously available," (Motion at 2), specifically an April 16, 2014 Agreement Regarding Roadway Improvements ("Agreement"); and

(2) Pursuant to Fed. R. Civ. P. 54(b) and the Court's inherent power "because there are genuine issues of material fact as to the parties' intent with respect to the cost provisions of the Subdivision Improvement Agreement and Hilton Kingsland Deed."

Motion at 3-4.[1]

Hilton argues that the Agreement between itself and the County of Hawaii requires the County to notify affected landowners "after there is a description of the North Intersection Improvements that [State Department of Transportation ("SDOT")] deems necessary" under the Land Use Order and Zoning Ordinances. Mem. in Supp. at 7. Hilton urges the Court to infer from this language that the Agreement constitutes "new evidence that . . . the SDOT has not yet identified and/or deemed the North Intersection Improvements necessary within the meaning of the Land Use Order and applicable Zoning Ordinances." *Id.* Hilton also contends that "the Court erred in its interpretation of the Hilton Kingsland Deed and the Subdivision Improvement Agreement" ("SIA") because these documents "can only properly be interpreted to mean that, *at most*, Hilton will

---

[1] The Court notes that the Motion is not timely to the extent it is brought pursuant to Local Rule 60.1(c), based on "manifest error of law or fact," as it was filed on June 19, 2014, nearly one month after the Court filed its May 22, 2014 Order. Accordingly, the Court will not address this as a basis for reconsideration of the Order.

be solely responsible, *as between Hilton and WDC*, for Hilton and WDC's pro rata share of the costs of the North Intersection Improvements. *Id.* at 9 (emphasis in original). As discussed more fully below, the Court rejects each of these arguments.

### I.    No Discovery of New Material Facts Not Previously Available

For several reasons, Hilton fails to establish that the recently executed Agreement between itself and the County of Hawaii is "new evidence" or that it offers "new material facts not previously available." First, there is no explanation why Hilton waited until June 19, 2014--nearly one month after the Court entered its May 22, 2014 Order--to make known the existence of the Agreement, despite its purported execution on April 16, 2014--five days after oral argument on WDC's motion for partial summary judgment. Nor was there any mention by Hilton at the April 11 oral argument that the Agreement was being contemplated or drafted, or had been reached. As noted by WDC, "[t]o the extent that Hilton is now arguing that the DOT's statements that the intersection improvements were necessary and required were not accurate, it had an obligation to do discovery and present evidence on this issue prior to the hearing." Mem. in Opp. at 10. Instead, Hilton waited until June 19, 2014 to disclose the existence of the Agreement--over two months after WDC's motion was fully briefed, argued, and submitted to this Court. To the

4

extent the Agreement is the result of "months of negotiations" between Hilton and the County of Hawaii (Reply at 2), as Hilton purports, there is no credible reason for Hilton's failure to raise the issue in opposition to WDC's motion.

Nor does the execution of the Agreement on April 16, 2014 reflect the "discovery of new material facts not previously available," as required by Local Rule 60.1. *See Sierra Club, Hawaii Chapter v. City & County of Honolulu*, 486 F.Supp.2d 1185, 1188 (D. Haw. 2003). According to Hilton:

> 2. Hilton and the County of Hawaii Planning Department ("County") met on November 26, 2013 to discuss intersection improvements at the north intersection of Queen Kaahumanu Highway and Waikoloa Beach Drive ("North Intersection Improvements").
>
> 3. Hilton corresponded with County officials in December 2013 about the November meeting.
>
> 4. In response to Hilton's December 2013 correspondence, County Planning Director Duane Kanuha requested a formal agreement setting forth the rights and obligations of the parties with respect to the North Intersection Improvements.
>
> 5. In response to Planning Director Kanuha's request, the parties negotiated the Roadways Improvement Agreement ("Agreement") over the next four months. There was no agreement on any of the terms until the lawyers and principals for the parties concluded their discussions on or about April 16, 2014.
>
> 6. Until the Agreement was finalized on April 16, 2014, no agreement existed between Hilton and the County Planning

5

>Department regarding construction of the North Intersection Improvements.

Middleton Decl. ¶¶ 2-6. Hilton's own conduct and the purported conduct of the County Planning Director were surely known to Hilton from the time of the November 26, 2013 meeting and throughout the subsequent months of negotiation. In short, it was not newly discovered or unknown.

>To base a motion for reconsideration on the discovery of new evidence, a party is "*obliged* to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing." *Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985) (citation); *see also Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 892 n.6 (9th Cir. 1994) ("Evidence is not newly discovered if it was in the party's possession at the time of summary judgment or could have been discovered with reasonable diligence.") (citation omitted); *Sch. Dist. No. 1J v. ACandS*, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) ("The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'").

*Chapman v. Journal Concepts, Inc.*, 2007 WL 4354417, at * (D. Haw. Dec. 13, 2007); *see also Barber v. State of Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994) (the fact that "the [movant] offers no reason why the affidavits could not have been obtained prior to the day on which the summary judgment hearing was held precludes a finding that the district court abused its discretion in denying the

motions"); *Clark v. United States*, 2011 WL 2837591, at *1 (D. Haw. July 14, 2011) ("[R]econsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision.") (citation omitted).

Because the existence of the Agreement, and the months-long negotiation over its terms, do not qualify as "newly discovered" evidence, the Court declines to reconsider its May 22, 2014 Order.

## II. <u>No Genuine Issue of Material Fact</u>

More importantly, the Agreement raises no genuine issue of material fact as to whether Hilton has breached its obligations to WDC under the Kingsland Deed and Subdivision Improvement Agreement. First, the Court does not read the Agreement as calling into question "whether the governing bodies have identified and deemed the North Intersection improvements necessary." Mem. in Supp. at 6. The SDOT is not a party to the Agreement. The County's representations are not binding on the SDOT. The Agreement does not create an issue of fact regarding whether the SDOT deems the North Intersection Improvements necessary.

Second, the Agreement does not touch upon Hilton's contractual obligations to WDC. For example, the Court previously noted in the May 22, 2014 Order that Hilton is responsible under the SIA for the planning and construction of the enumerated subdivision improvements—including roadway and traffic

7

improvements at Queen Kaahumanu Highway—at its sole cost. *See* May 22, 2014 Order at 15-17 (quoting SIA § 2(i)) ("Owner shall pay when due all direct and indirect costs for the planning, approval, construction and dedication (if applicable) of the Subdivision Improvements[.]"). The Agreement does not alter these obligations.

Separate from its arguments relating to the Agreement with the County, Hilton argues that it is not required to pay for the North Intersection Improvements at its sole cost because the language of the Hilton Kingsland Deed and SIA "can only properly be interpreted to mean that, *at most.* Hilton will be solely responsible, *as between Hilton and WDC*, for Hilton and WDC's pro rate share of the costs of the North Intersection Improvements." Mem. in Supp. at 9.
There is nothing about this argument that is remotely new or newly discovered. Indeed, the Court rejected Hilton's arguments seeking to limit its responsibility to its pro rata share of funding the North Intersection Improvements in its earlier Order. Mere disagreement with the Court's analysis in the May 22, 2014 Order is not a sufficient basis for reconsideration. *See White v. Sabatino*, 424 F.Supp.2d 1271, 1274 (D. Haw. 2006) (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572 (D. Haw. 1988)); *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).

In sum, because the Motion for Reconsideration does not "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision," *White*, 424 F. Supp. 2d at 1274, it is DENIED.

## **CONCLUSION**

On the basis of the foregoing, the Court DENIES Defendants' Motion for Reconsideration of the Court's May 22, 2014 Order.

IT IS SO ORDERED.

DATED: July 25, 2014 at Honolulu, Hawai'i.

_____
Derrick K. Watson
United States District Judge

Waikoloa Development Co v. Hilton Resorts Corporation, et al.;
Civil No. 13-00402 DKW-BMK; ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO COUNTS I, III, AND IV